**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30083 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-30043-PA-1 |
| v. | |
| DANIEL PATCH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Daniel Patch appeals pro se from the district court's order affirming a

magistrate judge's imposition of a $285 fine on Patch for violating 36 C.F.R.

§ 2.32(a)(1).  The magistrate judge and district court found that Patch repeatedly

failed to comply with Ranger Mayer's commands to provide identification and exit

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

his mobilehome, and that, to the extent he was detained, his resistance was not excused by an absence of reasonable suspicion to detain him. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

A challenge to the sufficiency of the evidence is reviewed de novo to determine whether, viewing "the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted); *United States v. Bucher*, 375 F.3d 929, 934 (9th Cir. 2004). The district court's adherence to that standard in reviewing the magistrate judge's decision was proper and therefore did not betray an impermissible bias.

Patch also argues on appeal that the evidence does not support his conviction and that his reaction was justified by fear and provocation. Mayer was justified in approaching Patch based on his belief that Patch was parked illegally. *United States v. Arvizu*, 534 U.S. 266, 273 (2002). For that reason, Patch's resistance was not justified, even if he was parked legally or was intimidated by Mayer. *See United States v. Willfong*, 274 F.3d 1297, 1300–01 (9th Cir. 2001) (analyzing a claim under 36 C.F.R. § 261.3(a)). Nor was it excused by Mayer's allegedly provocative conduct, as the magistrate judge's contrary factual findings are not clearly erroneous. *See Young v. Cnty. of L.A.*, 655 F.3d 1156, 1164 (9th Cir.

2

2011); *United States v. Ruiz-Gaxiola*, 623 F.3d 684, 693 n.4 (9th Cir. 2010).  Thus, a rational trier of fact could have determined that Patch's refusal to comply with Mayer's orders violated section 2.32(a)(1).  *See United States v. Bibbins*, 637 F.3d 1087, 1093 (9th Cir. 2011); *Bucher*, 375 F.3d at 934.

**AFFIRMED.**